UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS M. BRITTAIN,

          Plaintiffs,

    v.

CAROLYN W. COLVIN,

          Defendants.

CASE NO. 3:16-cv-05217-KLS

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS AND DENYING
PLAINTIFF'S MOTION FOR
REMAND PURSUANT TO
SENTENCE SIX

       Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income and for consideration of his motion for remand pursuant to Sentence Six of 42 U.S.C. § 405(g) (the "Motion"). The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6; 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed. The Court also denies plaintiff's Motion.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

       Plaintiff applied for supplemental security income alleging he became disabled beginning

July 30, 2009. Dkt. 9, Administrative Record ("AR"), 17. His application was denied on initial

administrative review and on reconsideration. AR 17. At a hearing held before an Administrative

Law Judge ("ALJ"), plaintiff appeared and testified, as did a vocational expert. AR 17. In a

written decision, the ALJ determined that plaintiff could perform other jobs existing in

significant numbers in the national economy, and therefore that he was not disabled. AR 17-25.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on

January 20, 2016, making that decision the final decision of the Commissioner of Social Security

(the "Commissioner"). *See* AR 4-10; 20 C.F.R. § 404.981.

On March 24, 2016, plaintiff filed a complaint in this Court seeking judicial review of the

Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on

May 31, 2016. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now

ripe for the Court's review. Plaintiff argues the ALJ's decision should be reversed and remanded

for further administrative proceedings because the ALJ erred in evaluating the medical opinion

of Dr. Dana Harmon, including failing to properly apply Social Security Ruling ("SSR") 85-16

to Dr. Harmon's opinion, and failing to properly weigh plaintiff's testimony and statements. For

the reasons set forth below, the Court concludes that the ALJ's decision should be affirmed.

On July 21, 2016, Plaintiff filed a Motion to Remand Pursuant to Sentence Six of 42

U.S.C. § 405(g). *See* Dkt. 13. The parties have completed their briefing related to plaintiff's

Motion. Thus, this matter is also ripe for the Court's review. Plaintiff asserts in his Motion that

new evidence justifies remand pursuant to Sentence Six. For the reasons set forth below, the

Court denies plaintiff's Motion.

## LEGAL STANDARD

Section 405(g) of Title 42 of the United States Code "authorizes district courts to review

administrative decisions in Social Security benefit cases." *Akopyan v. Barnhart*, 296 F.3d 852,

854 (9th Cir. 2002). Sentence Four and Sentence Six of Section 405(g) "set forth the exclusive

methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth

sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing

the decision of the [Commissioner], with or without remanding the cause for a rehearing."

*Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (quotations

omitted); *see also Akopyan*, 296 F.3d at 854 (Sentence Four remand is "essentially a

determination that the agency erred in some respect in reaching a decision to deny benefits ").

Sentence Six remand, on the other hand, "may be ordered in only two situations: where the

Commissioner requests a remand before answering the complaint, or where new, material

evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296

F.3d at 854. Thus, Section 405(g) authorizes two types of remand: (1) a post-judgment remand in

conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a

Sentence Four remand); and (2) a pre-judgment remand for consideration of new and material

evidence that for good cause was not previously presented to the Secretary (a Sentence Six

remand). *Faucher v. H.H.S.*, 17 F.3d 171, 174 (6th Cir. 1994); *Melkonyan*, 501 U.S. at 98.

DISCUSSION

I.       Plaintiff's Motion for Remand Pursuant to Sentence Six

       Plaintiff requests that the Court remand this matter pursuant to Sentence Six of 42 U.S.C.

§ 405(g). Specifically, Plaintiff maintains that "new evidence developed by replacement

counsel" requires remand. *See* Dkt. 13, p. 2. The new evidence submitted by plaintiff includes:

(1) opinion evidence, including: (a) lay witness statements from plaintiff's family members, *see*

Dkt. 13-1, pp. 1-7; Dkt. 14; (b) a Psychological/Psychiatric Evaluation by Alysa A. Ruddell,

Ph.D., dated November 9, 2015, *see* Dkt. 13-1, pp. 34-38; and (c) a declaration and

accompanying curriculum vitae from Joseph A. Moisan, a vocational rehabilitation counselor,

1  dated July 11, 2016, *see* Dkt. 13-1, pp. 40-52 (collectively referred to as "opinion evidence");

2  and (2) medical and education records dated between December 3, 1990 and May 25, 1991, *see*

3  Dkt. 13-1, pp. 9-32.

4          The Court may remand and order the Commissioner to take additional evidence "upon a

5  showing that there is new evidence which is material and that there is good cause for the failure

6  to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also*

7  *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ("Sentence-

8  six remands may be ordered in only two situations: where the Secretary requests a remand before

9  answering the complaint, or where new, material evidence is adduced that was for good cause

10  not presented before the agency."). New evidence is "material" within the meaning of section

11  405(g) if it "bear[s] directly and substantially on the matter in dispute," and if there is a

12  "reasonabl[e] possibility that the new evidence would have changed the outcome" of the ALJ's

13  determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v.*

14  *Secretary*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

15          Here, plaintiff cannot establish that good cause exists for why the evidence was not

16  presented during the administrative proceedings, nor can he establish that the new evidence is

17  material such that it would have changed the ALJ's determination.

18                        a.   Good Cause Requirement

19          To demonstrate good cause for failing to present evidence during the Commissioner's

20  administrative proceedings, a claimant must show that the evidence was unavailable earlier.

21  *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001); *Key v. Heckler*, 754 F.2d 1542, 1551

22  (9th Cir. 2001). "A claimant does not meet the good cause requirement by merely obtaining a

23  more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463. When a

24  claimant fails to seek an evaluation report until after receiving an adverse decision, the claimant

1   must also establish good cause for not having sought the expert's opinion earlier. *Clem v.*

2   *Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990).

3        As an initial matter, plaintiff does not appear to argue that good cause exists for his

4   failure to submit the new evidence during the Commissioner's administrative proceedings. All of

5   the opinion evidence submitted by plaintiff is dated after the ALJ's May 12, 2015 decision. *See*

6   Dkts. 13-1, 14 (lay witness statements all dated in July 2016; psychological opinion dated

7   November 9, 2015; declaration from vocational rehabilitation counselor dated July 11, 2016).

8   Plaintiff does not explain why these witnesses or opinions were not available during the

9   administrative proceedings. Indeed, Mr. Moisan stated he was hired to "review the jobs that were

10   testified to by the vocational expert" at plaintiff's hearing. *See* Dkt. 13-1, p. 40. As noted above,

11   plaintiff must do more than simply obtain a more favorable opinion after the ALJ denied his

12   claim; he must establish good cause why he did not obtain the evidence earlier. *Clem*, 894 F.2d

13   at 332. Furthermore, the additional medical and education records submitted by plaintiff are over

14   25 years old. *See* Dkt. 13-1, pp. 9-32. Plaintiff has offered no explanation whatsoever as to why

15   these records were unavailable during the administrative proceedings.

16        In his motion, plaintiff states the "problem in this case is that during the pendency of the

17   case below before the hearing, it appears that little, if any, development of the case was done,"

18   suggesting plaintiff's former counsel is to blame for the absence of these records. However, as

19   noted by defendant, the fact that plaintiff now has new counsel does not establish good cause to

20   remand pursuant to Sentence Six. *See Lay v. Astrue*, No. 07CV1112 JLS NLS, 2008 WL

21   2858321, at *15 (S.D. Cal. July 22, 2008) (declining to remand pursuant to Sentence Six and

22   noting plaintiff failed to explain why he did not obtain evidence during administrative

23   proceedings "aside from his reference to having obtained new counsel [and] the Court notes that

24   he was represented by counsel at the ALJ hearing as well"); *see also Morales v. Colvin*, No.

1  CIV.A. 13-229J, 2015 WL 1507844, at *4 (W.D. Pa. Mar. 31, 2015) ("The fact that plaintiff now

2  has new counsel who believes that the additional evidence may support her claim for disability is

3  not grounds for remanding the case under sentence 6. 'Such a rule would require the court to

4  order a new beginning in such a matter whenever an applicant acquires a new lawyer with a new

5  idea.'") (citing *Geyen v. Sec'y of Health and Human Serv.*, 850 F.2d 263, 264 (5th Cir. 1988)).

6  Accordingly, the Court finds plaintiff has failed to meet the good cause requirement to remand

7  pursuant to Sentence Six.

8          b.  <u>Materiality Requirement</u>

9      In addition, a district court may remand a case for consideration of new evidence only if

10  the new evidence is material. *Clem*, 894 F.2d at 332. To be material under section 405(g), the

11  new evidence must bear "directly and substantially on the matter in dispute." *Ward v. Schweiker*,

12  686 F.2d 762, 764 (9th Cir. 1982) (quotation and citation omitted). Evidence is material when

13  there is a reasonable possibility it would have changed the outcome of the Commissioner's

14  decision had it been before him. *Mayes*, 276 F.3d at 462.

15      Although the Court has already found that plaintiff failed to establish the good cause

16  requirement necessary for remand under Sentence Six, and thus the Court need not address the

17  materiality prong of Sentence Six remand, the Court nevertheless finds that plaintiff has also

18  failed to establish that the new evidence is material such that there is a reasonable possibility it

19  would have changed the outcome of the Commissioner's decision. As an initial matter, plaintiff

20  again fails to offer argument explaining how the new evidence satisfies the requirements of

21  remand pursuant to Sentence Six, including the materiality requirement. *See* Dkt. 13.

22  Nevertheless, the Court addresses each proffered piece of evidence and finds that the evidence

23  also fails on the materiality prong to justify Sentence Six remand.

24      First, as noted by defendant, the lay witness statements offered by plaintiff describe the

1   same limitations already considered by the ALJ. The lay witnesses offer their opinions that

2   plaintiff has mental impairments that limit his memory and social skills. *See* Dkt. 13-1, 14.

3   Plaintiff provided this same testimony to the ALJ. *See* AR 38-41. Where a claimant's testimony

4   has been properly rejected, lay witness testimony that is similar thereto may be rejected for the

5   same reasons used to reject the claimant's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*,

6   574 F.3d 685 (9th Cir. 2009)[1]; *see also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

7   As discussed below in section II.b, *infra*, the ALJ properly considered and discounted plaintiff's

8   testimony regarding his symptoms and impairments. Thus, plaintiff has failed to establish how

9   the lay witness statements would have changed the outcome of the administrative proceedings

10  given that the ALJ had already considered similar testimony and properly rejected it.

11          Second, plaintiff fails to establish how medical and education records that are over 25

12  years old—and predate the alleged onset of disability by nearly 20 years—satisfy the materiality

13  prong given that more recent records are already part of the administrative record. *See* Dkt. 13-1,

14  pp. 9-32. Given "recent, persuasive evidence, what the [plaintiff's school] system had to say

15  twenty years back is simply not relevant." *Johnson v. Chater*, 969 F. Supp. 493, 510 (N.D. Ill.

16  1997); *see also March v. Comm'r of Soc. Sec. Admin.*, 462 F. App'x 671, 673 (9th Cir. 2011)

17  (finding ALJ did not err and "reasonably found old reports to be of little value as they did not

18  bear on [plaintiff's] disability during the relevant period"). Here, the Court finds that records that

19  are over 25 years old do not satisfy the materiality prong to warrant Sentence Six remand when

20

21  [1] In *Valentine*, the Ninth Circuit held in relevant part:

22          [The lay witness's] testimony of her husband's fatigue was similar to [the claimant's] own
        subjective complaints. Unsurprisingly, the ALJ rejected this evidence based, at least in part,
        on 'the same reasons [she] discounted [the claimant's] allegations.' In light of our conclusion

23          that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own
        subjective complaints, and because [the lay witness's] testimony was similar to such
        complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.

24  *Id.* at 694.

1   more recent relevant records were available for the ALJ's review during the disability

2   determination.

3          Finally, plaintiff offers two opinions obtained after the ALJ issued his decision—a

4   Psychological/Psychiatric Evaluation by a psychologist and a declaration from a vocational

5   rehabilitation counselor. *See* Dkt. 13-1. Plaintiff does not explain how these reports satisfy the

6   materiality prong to justify remand under Sentence Six. Regardless, this is precisely the kind of

7   evidence the Ninth Circuit has held does not justify remand. As noted above, a claimant cannot

8   meet his burden to justify remand pursuant to Sentence Six by simply obtaining a more favorable

9   report. Rather, plaintiff must explain why the report was not sought earlier. *See Clem*, 894 F.2d

10  at 332. Plaintiff has not done so here. Accordingly, based on the foregoing, plaintiff's motion for

11  remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is denied.

12         II.     <u>Plaintiff's Request for Relief Pursuant to Sentence Four</u>

13         The Commissioner's determination that a claimant is not disabled must be upheld if the

14  "proper legal standards" have been applied, and the "substantial evidence in the record as a

15  whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

16  *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

17  *Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

18  evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

19  the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

20  *Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

21  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

22  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at

23  1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn

24  from the record." *Batson*, 359 F.3d at 1193.

1    Substantial evidence requires the Court to determine whether the Commissioner's

2    determination is "supported by more than a scintilla of evidence, although less than a

3    preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10

4    (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision

5    must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is

6    conflicting evidence sufficient to support either outcome," the Court "must affirm the decision

7    actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

8    1971)).

9              a.    The ALJ's Evaluation of the Medical Evidence

10    The ALJ is responsible for determining credibility and resolving ambiguities and

11    conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

12    Where the medical evidence in the record is not conclusive, "questions of credibility and

13    resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

14    642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r*

15    *of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether

16    inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and

17    whether certain factors are relevant to discount" the opinions of medical experts "falls within this

18    responsibility." *Id.* at 603.

19              In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

20    "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

21    "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

22    stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

23    "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

24    draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830–31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff challenges the ALJ's treatment of Dr. Harmon's opinion. Dr. Harmon conducted a Psychological/Psychiatric Evaluation of plaintiff on October 23, 2013. *See* AR 225-45. Dr. Harmon found that plaintiff had moderate limitations performing activities within a schedule, communicating and performing effectively in a work setting, completing a normal work day, and setting realistic goals. *See* AR 225. She determined plaintiff had marked limitations maintaining

appropriate behavior in a work setting. AR 225. Dr. Harmon also opined plaintiff would be impaired with available treatment from three to six months and recommended vocational services and a psychiatric evaluation. AR 225. Dr. Harmon also noted that plaintiff "does not appear to be appropriate for SSI/SSDI facilitation" and observed plaintiff should "be able to return to work within the next six months or so, unless there are medical factors that would preclude that." AR 225. On mental status examination, Dr. Harmon assessed plaintiff as "friendly, engaging, but somewhat anxious" with "no indications of autistic traits." AR 226.

The ALJ gave Dr. Harmon's opinion significant weight. AR 23-24. The ALJ found that Dr. Harmon's opinions regarding plaintiff's moderate limitations were "generally consistent with the claimant's reported activities and mental status testing." AR 24. However, the ALJ noted "Dr. Harmon opined that the claimant had marked limitations in his ability to maintain appropriate behavior in a work setting, which is not consistent with his presentation during the evaluation." AR 24. The ALJ also noted Dr. Harmon's opined limitations were temporary in nature, further underscoring why he dismissed this portion of Dr. Harmon's opinion. *See id.* Plaintiff argues the ALJ erred in rejecting Dr. Harmon's opinion that plaintiff had marked limitations in his ability to maintain appropriate behavior at work. *See* Dkt. 12, p. 6. The undersigned disagrees.

First, the ALJ discounted Dr. Harmon's opinion that plaintiff was markedly limited in his ability to maintain appropriate behavior at work because it was "not consistent with [plaintiff's] presentation during the evaluation." AR 24. An ALJ may discount the opinion of a treating or examining physician if the opinion is inconsistent with the treating physician's objective examination, findings, and records. *See Valentine*, 574 F.3d at 692; *Tonapetyan*, 242 F.3d at 1149 ("our review of the record confirms that [the treating physician's] reports and assessments presented at the hearing contain no objective evidence to support his diagnoses, not even a

clinical observation"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting an ALJ may reject a doctor's opinion where answers on a questionnaire are "inconsistent with the medical records"); *see also Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1189 (W.D. Wash. 2013)("[B]ecause Plaintiff has not shown that the ALJ erred in finding that [the doctor's] opinion was not adequately supported by clinical findings, the ALJ's first reason for discounting [the doctor's] opinion should be affirmed."). Although Dr. Harmon indicated plaintiff had marked limitations in his ability to maintain appropriate behavior at work, she observed his speech was normal and that he was "generally cooperative" and "friendly, engaging, but somewhat anxious." AR 225-26. These inconsistencies between Dr. Harmon's clinical observations and her opined marked limitation support the ALJ's evaluation of Dr. Harmon's opinion.

Second, the ALJ noted that Dr. Harmon indicated that plaintiff would only be limited for three to six months. AR 24. The Court cannot determine whether this is an additional reason offered by the ALJ to discount Dr. Harmon's opinion that plaintiff was markedly limited in his ability to maintain appropriate behavior at work. Nevertheless, even if it is, the ALJ did not err because an ALJ may consider that a medical opinion assesses only temporary limitations. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, Dr. Harmon opined plaintiff's impairments would last no more than six months. *See* AR 225. Thus, to the extent the ALJ offered this second reason to discount Dr. Harmon's opinion, the ALJ did not err.

Finally, plaintiff appears to argue that the ALJ's treatment of Dr. Harmon's opinion violates Social Security Ruling ("SSR") 85-16. *See* Dkt. 12, pp. 3-6. SSR 85–16 sets forth the kinds of evidence the administrative law judge must consider when determining a plaintiff's RFC, including such factors as history, findings, and observations from medical sources, reports of the individual's activities of daily living and work activity, as well as testimony of third parties about the individual's performance and behavior. *See* SSR 85-16, 1985 WL 56855. SSRs

1    "do not carry the 'force of law,' but they are binding on ALJs nonetheless." *Molina*, 674 F.3d at

2    1114 (citing *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009)). They

3    "reflect the official interpretation of the [SSA] and are entitled to some deference as long as they

4    are consistent with the Social Security Act and regulations." *Molina*, 674 F.3d at 1114 (citation

5    omitted). Other than reciting the policies expressed in SSR 85-16, plaintiff offers no argument

6    explaining how the ALJ violated SSR 85-16 in connection with Dr. Harmon's medical opinion

7    or otherwise. The Court "cannot manufacture arguments for an appellant and therefore [the

8    Court] we will not consider any claims that were not actually argued" in Plaintiff's opening brief.

9    *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Regardless, the

10   Court finds the ALJ's treatment of Dr. Harmon's opinion is supported by specific and legitimate

11   reasons and by the record as a whole. Based on the foregoing, the Court finds the ALJ did not err

12   in his treatment of Dr. Harmon's medical opinion.

13              b.   The ALJ's Evaluation of Plaintiff's Credibility

14       Plaintiff also challenges the ALJ's treatment of his credibility. *See* Dkt. 12, pp. 8-10.

15   Questions of credibility are solely within the control of the ALJ. *Sample*, 694 F.2d at 642. The

16   Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In

17   addition, the Court may not reverse a credibility determination where that determination is based

18   on contradictory or ambiguous evidence. *Id.* at 579. That some of the reasons for discrediting a

19   claimant's testimony should properly be discounted does not render the ALJ's determination

20   invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d

21   at 1148.

22       To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent

23   reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what

24   testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill*

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY
BENEFITS AND DENYING PLAINTIFF'S MOTION FOR
REMAND PURSUANT TO SENTENCE SIX- 13

*v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Here, the ALJ determined plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 22. The ALJ found the "medical record is sparse and did not support the severity of the claimant's symptoms" and the "allegations are not consistent with the medical record." AR 22, 23. The ALJ noted that although the plaintiff has been diagnosed with a personality disorder, he was "consistently pleasant and cooperative with providers" and has been "able to maintain friendships, attend parties and golf." AR 23. In addition, the ALJ observed that plaintiff's symptoms "nearly resolved with short term counseling" indicating plaintiff's "symptoms are not as severe as he has alleged." AR 23. Finally, the ALJ found plaintiff's activities of daily living "shed doubt on his allegations" including that he has "no problem with personal care, is able to live an independent lifestyle, perform household chores such as preparing meals, doing the laundry and mowing the lawn." AR 23. Plaintiff maintains the ALJ's reasons for discounting his symptoms and testimony are legally insufficient and unsupported by the record. The Court disagrees.

1    First, the ALJ discounted plaintiff's allegations as unsupported by the medical records. A

2    determination that a claimant's complaints are "inconsistent with clinical observations" can

3    satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*,

4    166 F.3d 1294, 1297 (9th Cir. 1998); *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir.

5    2011). The ALJ noted although the claimant was diagnosed with a personality disorder and

6    alleged "difficulty getting along with others, the record indicated that the claimant has been able

7    to maintain friendships, attend parties and golf … ride public transportation and grocery shop in

8    public stores." AR 23 (citing AR 153-62, 252). The ALJ also noted that although the claimant

9    "reported symptoms of a depressed mood, agitation, [and] impulsive behavior" clinical records

10   indicated he "presented as friendly and cooperative" and "cooperative with logical thought

11   processes normal speech and appropriate hygiene and grooming." AR 23. The Court finds the

12   ALJ's reason for discounting plaintiff's credibility is clear and convincing and supported by the

13   record as a whole. Thus, the ALJ properly discounted plaintiff's credibility on this first basis.

14   Second, the ALJ discounted plaintiff's testimony because he improved with conservative

15   and limited treatment. An ALJ may discount a claimant's credibility on the basis of medical

16   improvement. *See Morgan*, 169 F.3d at 599; *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

17   In addition, where the "record reflects that [plaintiff] responded favorably to conservative

18   treatment," yet failed to seek aggressive treatment, such findings allow the ALJ to make the

19   "permissible inference" that the plaintiff's symptoms were "not as all-disabling as he reported."

20   *Tommasetti*, 533 F.3d at 1039-40. The ALJ noted with "minimal counseling the claimant

21   reported less anxiety in crowded situations, feeling more confident and reported striking up

22   conversations with strangers without difficulty." AR 23 (citing AR 251). The ALJ also noted that

23   plaintiff's symptoms "nearly resolved with short term counseling" and he "did not require

24   medication management of his symptoms." AR 23. The record reflects plaintiff responded well

1  to conservative treatment and that he would improve within three to six months of treatment,

2  which undermines his complaints of disabling impairments. AR 225, 251-52. Accordingly, the

3  ALJ's second reason for discounting plaintiff's credibility is also valid and supported by the

4  record.

5       Finally, the ALJ discounted plaintiff's allegations as inconsistent with plaintiff's

6  activities of daily living. AR 23. To determine whether a claimant's symptom testimony is

7  credible, the ALJ may consider his or her daily activities. *Smolen*, 80 F.3d at 1284. The Ninth

8  Circuit has recognized "two grounds for using daily activities to form the basis of an adverse

9  credibility determination." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). First, such activities

10  can "meet the threshold for transferable work skills." *Id.* Thus, a claimant's credibility may be

11  discounted if he or she "is able to spend a substantial part of his or her day performing household

12  chores or other activities that are transferable to a work setting." *Smolen*, 80 F.3d at 1284 n. 7.

13  "Even where those activities suggest some difficulty functioning, they may be grounds for

14  discrediting the claimant's testimony to the extent that they contradict claims of a totally

15  debilitating impairment." *Molina*, 674 F.3d at 1113. Under the second ground in *Orn*, a

16  claimant's activities of daily living can "contradict his other testimony." 495 F.3d at 639.

17       During the hearing before the ALJ, plaintiff testified that he has never had his own home,

18  and that he would be unable to keep track of his own money if awarded benefits. AR 38-39. Yet,

19  he also testified that he goes shopping, plays the keyboard as a hobby, has some friends, goes to

20  the park, and rides the bus. AR 39-40. He testified that "[s]ome days I leave the house, some

21  days I stay home." AR 42. On the days he stays home, plaintiff testified that he plays his

22  keyboard, plays darts, and "interact[s] with friends on Facebook or YouTube." AR 42. He also

23  testified that he goes to downtown Seattle via bus for "sightseeing." AR 42. Plaintiff's testimony

24  is similar to his Function Report, wherein he reported that he plays YouTube, rides the bus, and

interacts socially. *See* AR 153-62. Based on plaintiff's varying activities of daily living, the Court finds the ALJ's finding that plaintiff's activities of daily living undermine his complaints of disabling impairments is proper. Thus, the ALJ did not err in discounting plaintiff's testimony.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED. Plaintiff's Motion to Remand Pursuant to Sentence Six 42 U.S.C. § 405(g) is DENIED.

DATED this 19th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge